UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-0003 (04) |
| VERSUS | JUDGE DONALD E. WALTER |
| DAMIONE BROCK | MAGISTRATE JUDGE HORNSBY |

_____

### MEMORANDUM RULING

Before the Court are two related motions in the above-captioned matter. Defendant Damione Brock ("Brock") filed a Motion to Suppress Evidence and Request for Franks Hearing and Motion to Amend and Supplement Motion to Suppress and Request for Franks Hearing. See Record Document 166; Record Document 191.[1] The Government filed an opposition. See Record Document 197. For the reasons herein, the motions are **DENIED**.

### BACKGROUND INFORMATION

Brock is charged with one count of conspiracy to possess with the intent to distribute methamphetamine, a schedule II controlled dangerous substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii). His co-defendants are Roderick Dewaine Hogan ("Hogan"), Steven Dewayne Gilbert ("Gilbert"), Keisarah McGee ("McGee"), and Marvin Beck. See Record Document 157. Brock is an inmate at Angola State Penitentiary. The charges in this case stem from an alleged attempt to smuggle methamphetamine into the penitentiary for distribution.

In 2018, Drug Enforcement Administration ("DEA") agents were investigating Hogan for dealing drugs. As part of the investigation, the Honorable S. Maurice Hicks, Jr., Chief United

---

[1] See Franks v. Delaware, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684-85 (1978).

States District Judge for the Western District of Louisiana, signed several orders authorizing the interception of wire communications by Hogan and Gilbert. The Court's orders, phone owner, and numbers intercepted are as follows: (1) October 4, 2018, Hogan, (318) 578-2387 and (318) 402-2227; (2) October 18, 2018, Hogan, (318) 423-4087; (3) November 5, 2018, Hogan, (318) 578-2387; (4) November 16, 2018, Gilbert (318) 578-3434.

While incarcerated in Angola, Brock was allegedly heard communicating with Hogan on (318) 578-2387, one of the telephone numbers authorized for interception. The government alleges that Brock arranged the transfer of methamphetamine to McGee, a correctional officer employed at Angola, who later attempted to bring the drugs into the penitentiary. McGee was stopped while attempting to enter, and methamphetamine was found in her vehicle. Brock seeks to suppress the wire and electronic intercepts and all evidence derived therefrom.

## LAW AND ANALYSIS

The Omnibus Crime Control and Safe Street Act of 1968 provides that under certain circumstances a federal judge may issue wiretap orders authorizing the interception of communications in an effort to prevent, detect, or prosecute serious federal crimes. See 18 U.S.C. § 2510 et seq. However, such intercepts, or evidence derived therefrom, may be suppressed if: "the communication was unlawfully intercepted; (ii) the order or [] approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a). Brock raises several arguments in support of his motion to suppress the wire intercepts in the case against him, which the Court will address in turn.

A.   <u>Alleged Irregularities with the Application</u>

Brock argues that the Government's November 5, 2018, Application for Continued Interception of Wire and Electronic Communications that was presented to Judge Hicks included

an attachment which does not contain the true initials or signature of Deputy Assistant Attorney General Raymond Hulser. See Record Document 191 at 2. Brock argues that this results in the Department of Justice ("DOJ") approving officer being misidentified. See id. The exhibit in question contains Raymond Hulser's name and title of Deputy Assistant Attorney General, Criminal Division. See Record Document 197-1 at 16-18 (Government Ex. A). A signature appears directly above Mr. Hulser's name and title. See id. Brock argues that the signature is not that of Mr. Hulser.

"[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). A hearing is necessary only when a defendant alleges sufficient facts, if proven true, that would justify relief. See id. Sufficient facts are those that are specific, detailed, and nonconjectural. See id. A bare allegation such as Brock's is insufficient to support such a claim. Although Brock argues that the signature authorizing the application for continued wiretap interceptions is not that of Mr. Hulser, he has offered the Court nothing to support this contention other than argument. "General or conclusory assertions, founded upon mere suspicion or conjecture, will not suffice." Id. (citation omitted).

Brock further argues that even if the signature contained in Government Exhibit A is that of Deputy Assistant Attorney General Raymond Hulser, he did not have authorization nor probable cause[2] to approve the continued interception of communications to and from telephone number (318) 578-2387 belonging to Hogan. See Record Document 191 at 3. This argument is without merit. Title 18 U.S.C. § 2516(1) provides that any Deputy Assistant Attorney General may authorize an application to present to a federal judge to obtain a wire intercept. The Government's Exhibit A is a letter from the Attorney General's office to the Criminal Division

---

[2] The Court will address probable cause in a separate section.

3

of the Department authorizing the presentation of the wire intercept application for number (318) 578-2387 to a federal judge. Mr. Hulser did not "approve" the wire intercept. Only a federal judge may do that. Mr. Hulser, in his capacity as Deputy Assistant Attorney General, approved the presentation of the application to Judge Hicks. This is clearly within Mr. Hulser's authority under the statute.

B.   Use of Wiretap for Drug Offenses

In his reply brief, Brock also argues that Mr. Hulser did not have the authority to apply for a wire intercept in this case because drug crimes pursuant to 18 U.S.C. §§ 841, 843, and 846 are not specifically listed as enumerated offenses under section 2516(1) for which a wire intercept may be obtained. See Record Document 228. This argument is without merit. Section 2516(1)(e) allows for a wire intercept to be used for "any offense involving fraud connected with a case under title 11 *or the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic drugs, marihuana, or other dangerous drugs, punishable under any law of the United States*." See 18 U.S.C. § 2516(1)(e) (emphasis added). A wire intercept is also authorized in cases involving "any conspiracy to commit any offense described in any subsection of this paragraph." 18 U.S.C. § 2516(1)(u). As noted above, Brock is charged with one count of conspiracy to possess with the intent to distribute methamphetamine, a schedule II controlled dangerous substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii). This is a conspiracy charge related to buying, selling, or otherwise dealing in drugs. The Court finds that the statute clearly authorizes the use of a wiretap in this case.

C.   Probable Cause

Brock also argues the November 5, 2018 application to continue wire interceptions failed to establish probable cause of the commission of felony offenses by Hogan, Xavier McGlothan ("McGlothan"), Gilbert, or Brock. See Record Document 191 at 3. The Government argues

that Brock's allegation is not sufficiently specific to challenge whether probable cause existed, but even so, there was ample evidence to support a finding of probable cause. See Record Document 197 at 6.

"An order authorizing a wiretap, like an ordinary search warrant, must of course be supported by probable cause." United States v. Hyde, 574 F.2d 856, 862 (5th Cir. 1978). Probable cause in the context of a wiretap is the same as that required for a search warrant. See United States v. Green, 04-0295, 2005 WL 1041205, at *2 (E.D. La., April 29, 2005) (citing United States v. Milton, 153 F.3d 891, 894 (8th Cir. 1998)). Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." United States v. Froman, 355 F.3d 882, 889 (5th Cir. 2004) (quoting United States v. Daniel, 982 F.2d 146, 151 (5th Cir. 1993)). A court may find probable cause upon a common-sense reading of the entire affidavit, taking into consideration the "indices of reliability that courts have traditionally found worthy of respect." Hyde, 574 F.2d at 863. Whether probable cause exists is evaluated using a totality of the circumstances approach. See United States v. Huerra, 884 F.3d 511, 515 (5th Cir. 2018).

Brock's argument that the application lacked probable cause is without merit. The November 5, 2018 application included an affidavit prepared and signed by Caddo Parish Deputy Robert Chapman ("Deputy Chapman"), who was assigned to the DEA's drug enforcement task force in Shreveport, Louisiana. See Record Document 206. [3] Therein, Deputy Chapman provided the following evidence in support of the application for a continued wiretap:

---

[3] Brock also alleges that "the affidavit prepared by (TFO) Robert Chapman dated November 5, 2018, contained information known to be false." See Record Document 191 at 3. This is Brock's complete argument on this point. This is insufficient because Brock has failed to identify what portion of the affidavit he contends is false.

5

(a) *Previously authorized wire intercepts on October 12-15, 2018, of conversations between Gilbert and Hogan concerning drug transactions:* Gilbert is allegedly heard stating that he was "finna go out of town, go to make a run," indicating to law enforcement that Gilbert was going to see a drug supplier. See id. at 7-13. Gilbert and Hogan are also allegedly heard discussing the process of converting cocaine into crack-cocaine and its resulting monetary value. See id. Later, Gilbert and Hogan are allegedly heard discussing drug transactions with other unknown individuals.

(b) *Previously authorized wire intercepts on October 8, 2018, between Hogan and McGlothan:* Law enforcement interprets the intercepts as McGlothan inquiring whether Hogan has methamphetamine available. See id. at 13-15. The wire intercepts also contain text messages that law enforcement interprets as McGlothan scheduling the payment for and purchase of methamphetamines from Hogan. See id. McGlothan also allegedly arranged to send money to Hogan with an unnamed female who was going to drive to Hogan's house. See id.

(c) *Previously authorized wire intercepts on October 15, 2018, between Hogan and Brock:* The wire intercepts are interpreted by law enforcement as Brock advising Hogan to keep a low profile after Hogan became concerned that he was being surveilled by law enforcement. See id. at 15-18. Brock is allegedly heard urging Hogan to tell his associates not to cooperate with law enforcement if encountered. See id. Brock and Hogan also allegedly discussed the possibility that Hogan's phone had been tapped, and Hogan indicated he would call Brock back on another phone. See id.

The Court finds that Deputy Chapman's affidavit was sufficient to establish probable cause to extend the existing wiretap of Hogan. There was more than sufficient information to establish probable cause, based on a totality of the circumstances, that felonious criminal activity was afoot.

D.  Location of the Wire Intercepts

Brock argues that the wire intercepts should be suppressed because the DEA "first heard or read and minimized [the intercept] from a listening post in the Eastern District of New Orleans, Louisiana" such that the DEA did not comply with the Court's order authorizing the intercept. See Record Document 191 at 5. Brock contends that all statements, evidence of money transfer receipts, and methamphetamine should be suppressed as fruit of the poisonous tree. See id. at 6.

6

Title 18 U.S.C. § 2518(1) provides that an application for a wire intercept may be presented to a judge of competent jurisdiction. Upon presentation, the judge may enter the order approving the interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting. See 18 U.S.C. § 2518(3). A court's jurisdiction over a wire intercept arises when either: (1) the telephone subject to the court's interception order is located inside the territorial jurisdiction of the court, *or* (2) the place where the interceptions are first heard or read and minimized are within the territorial jurisdiction of the court that issued the order. See Dahda v. United States, ___ U.S. ___, 138 S.Ct. 1491, 1495, 1499 (2018) (emphasis added).

Brock alleges that the DEA unlawfully intercepted wire and electronic communications to and from (318) 578-2387 between November 30, 2019 and December 18, 2018. See Record Document 191 at 5. Brock bases his argument on a DEA surveillance report which he claims acknowledges that the intercepts were first heard or read and minimized from a listening post in New Orleans, Louisiana, outside of the Court's jurisdiction. See id.

The Government has provided the Court with a copy of the report in question and an affidavit written by Deputy Chapman, the author of the report. See Record Document 197-2; Record Document 197-3.[4] Deputy Chapman states in his affidavit that all communications intercepted from numbers (318) 423-4087, (318) 578-2387, (318) 402-2227, and (318) 578-3434

---

[4] In his reply brief, Brock argues that Deputy Chapman did not prepare the report in question because Deputy Chapman did not physically sign the report. See Record Document 228 at 4-5. Brock contends that the lack of a physical signature is proof that a monitor in New Orleans simply typed Deputy Chapman's name in the signature block and then forwarded the report to the Shreveport Resident Office. See id. This argument is without merit. First, the report indicates that Deputy Chapman signed the form electronically, which is established by the phrase "/s/" before his name in block 12 of Government Exhibit G-2. Second, Brock's theory that the New Orleans office typed the report and inserted Deputy Chapman name in the signature line is a conclusory assertion based on speculation and conjecture. See Harrelson, 705 F.2d at 737.

were first heard or read and minimized at the DEA's Shreveport Resident Office which is within the Western District of Louisiana. See Record Document 197-3 at 4. Deputy Chapman also states that any reference to New Orleans contained in a report is merely an indication that the report was forwarded through the DEA's Division Office, which is located in New Orleans. See id. at 1. This is sufficient for the Court to find that the jurisdictional requirements discussed in Dahda were met in this case. [5]

E.  Request for a Franks Hearing

Brock has requested a Franks hearing regarding the veracity of the affidavit used to obtain the continued wire intercepts. See Record Document 191 at 6. To obtain such a hearing, Brock must show that (1) the allegations in the supporting affidavit contained a deliberate falsehood or were made with reckless disregard for the truth, and (2) the remaining portion of the affidavit is not sufficient to find probable cause. See United States v. Minor, 831 F.3d 601, 603; Franks, 438 U.S. at 171-72, 98 S.Ct. at 2684-85.

The Court finds that Brock has failed to show that the affidavit contains a falsehood or was made with reckless disregard for the truth. Brock merely alleges that the affidavit contains false information. He did not articulate exactly what information he believes to be false, nor the reasons why the information is false. A bare assertion is simply insufficient to require a hearing.

## CONCLUSION

Accordingly, and upon due consideration, Brock's Motion to Suppress Evidence and Request for Franks Hearing (Record Document 166) and Motion to Amend and Supplement

---

[5] Brock also provided the Court with a copy of a letter from an Assistant United States Attorney from the Western District of Arkansas to local defense counsel (in an unrelated case) which recognized that certain wire interceptions in that case did not conform with Dahda because the target telephones and the monitoring of the intercepts occurred outside the jurisdiction of the court who issued the order. See Record Document 191-1. Brock contends that this letter is sufficient evidence to support his motion to suppress and request a hearing. See Record Document 191 at 6. For the reasons discussed above, the letter is irrelevant to this case.

Motion to Suppress and Request for Franks Hearing (Record Document 191) are hereby **DENIED**.

**THUS DONE AND SIGNED**, this 5th day of September, 2019.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE